```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   RACHEL ISAAC HAGER,                                      :
                              Plaintiff                     :
                                                            :         20 Civ. 4482 (LGS)
                  -against-                                 :
                                                            :              ORDER
   JAY F. STEELE, ET AL.,                                   :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff filed an action in the Supreme Court of the State of New York, New York County, alleging, among other claims, fraudulent inducement, breach of contract and violations of New York State Human Rights Law ("NYSHRL") and New York City Human Rights Laws ("NYCHRL"), based on events surrounding her discharge from employment with Defendant Steele Consulting, LLC.

WHEREAS, on June 11, 2020, Defendants filed a notice of removal removing the state action to this court.

WHEREAS, on June 29, 2020, Plaintiff filed a motion to remand to state court, which Defendants opposed on July 13, 2020.  Plaintiff filed a reply on July 15, 2020.

WHEREAS, a motion to remand to state court is granted when the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  If a federal district court determines that it lacks subject matter jurisdiction over a case removed from state court, the case must be remanded.  *Id.* § 1446(c).  Defendants assert diversity of citizenship as the basis for federal subject matter jurisdiction and removal.  A federal court has subject matter jurisdiction over a civil case when the matter is between citizens of different States and the amount in controversy

exceeds $75,000.  28 U.S.C. § 1332.

WHEREAS, Defendants have established diversity among the parties.  "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."  *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998); *accord Lewis v. Hatem*, No. 19 Civ. 6446, 2020 WL 1528153, at *4 (S.D.N.Y. Mar. 31, 2020). "[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay."  *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000); *accord Lewis*, 2020 WL 1528153, at *4.  Both Defendants are domiciled the State of Georgia, and Plaintiff is domiciled either in New York or Connecticut.  Defendant Jay F. Steele has presented sufficient evidence showing that he is a citizen of the State of Georgia and maintains his domicile in Georgia, rebutting Plaintiff's unsupported contentions that he is domiciled in New York.  Defendant Steele Consulting, LLC is also a Georgia domiciliary because Defendant Steele is the LLC's sole member.  *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (explaining limited liability companies take the citizenships of all of its members).  It is undisputed that Plaintiff is not domiciled in Georgia.  Instead, the parties disagree as to whether Plaintiff is domiciled in New York or Connecticut.  Because Plaintiff is not a Georgia domiciliary, there is complete diversity of citizenship.

WHEREAS, the amount in controversy requirement is met.  The Complaint does not plead a specific amount of damages.  Rather, Plaintiff seeks earnings she would have received but for Defendants' unlawful conduct, front pay, compensatory and punitive damages.  When the "pleadings themselves are inconclusive as to the amount in controversy," the defendant "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the

statutory jurisdictional amount" by a preponderance of the evidence. *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994); *accord Brown v. Richer-Guinard*, No. 19 Civ. 5914, 2020 WL 2833867, at *1 (S.D.N.Y. June 1, 2020). The Second Circuit "generally evaluate[s] jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *See Wurtz v. Rawlings Co.*, 761 F.3d 232, 239 (2d Cir. 2014); *see Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

WHEREAS, Defendants have proven by a preponderance of the evidence a reasonable probability that the amount in controversy at the time the action was removed was greater than the jurisdictional minimum of $75,000 based on the back pay and front pay that Plaintiff seeks as damages. A potential award for back pay is calculated from the date that Plaintiff was unlawfully discharged through the date Defendants file the notice of removal, since jurisdictional facts are generally evaluated at the time the notice of removal is filed. *See Wurtz*, 761 F.3d at 239; *accord Jones v. Charter Commc'ns. LLC*, 18 Civ. 5953, 2019 WL 1760841, at *3 (E.D.N.Y. Apr. 22, 2019) (calculating back pay from date of discharge to date of removal for purposes of determining the amount in controversy). Based on Plaintiff's base salary -- which is not in dispute -- the amount of back pay from the date of discharge, which Plaintiff represents is May 15, 2020, to the date of removal, June 11, 2020, is $19,178.08. Front pay is a discretionary award under NYSHRL and NYCHRL, appropriate "in cases where the factfinder can reasonably predict that the plaintiff has no reasonable prospect of obtaining comparable alternative employment," where it can be calculated without undue speculation, and when reinstatement is not a suitable remedy. *See Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 729 (2d Cir. 1984);

*accord Tse v. New York Univ.*, 190 F. Supp. 3d 366, 371 (S.D.N.Y. 2016).  Plaintiff argues that an estimate of front pay is too speculative to consider in an amount in controversy as of the date of removal.  However, the Complaint specifically seeks front pay or reinstatement and alleges that Plaintiff has been left "unemployable" due to Defendants' actions.  With a salary of $250,000 per year, Plaintiff need be awarded front pay for just over two and a half months to meet the jurisdictional minimum at the time of removal, and if Plaintiff were reinstated, the value of four months of employment at Defendant Steele Consulting, LLC would, on its own, exceed the threshold amount.  *See Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 349 (S.D.N.Y. 1996) (finding jurisdictional amount met in part because if the plaintiff, with a $29,600 per year salary, were "reinstated, that would be worth the amount of years he would work at the [d]efendant, also resulting in thousands of dollars").  Therefore, even without considering the potential compensatory or punitive damages sought, Defendants have established by a preponderance of the evidence a reasonable probability that the amount in controversy exceeded the jurisdictional amount of $75,000 at the time of removal.  It is hereby

**ORDERED** that Plaintiff's motion to remand is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 9.

Dated: July 29, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**